O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONJA RENEE GARCIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 12-0325 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

//

//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1 **A.    Reversal is not warranted based on the ALJ's alleged failure to properly**
2       **consider plaintiff's subjective symptom testimony (Disputed Issue No. 2).**
3       Disputed Issue No. 2 is directed to the ALJ's adverse credibility determination with respect to plaintiff. (See Jt Stip at 20-30.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 196); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff testified that she could not work full time because she could not stand or sit for longer than 30 minutes, because she felt severe pressure in her lower back after sitting for long periods of time, and because she had to stand with a cane or lie down after sitting for 30 minutes. (See AR 673-74.) The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (See AR 19.)

In support of this adverse credibility determination, the ALJ proffered four reasons. First, the ALJ noted that (1) plaintiff's current treating source, Dr. Wood, did not state or suggest that plaintiff was unable to work, despite using worker's compensation terms such as "temporarily totally disabled" and "off work" (see AR 21;

1   see also AR 576-643); and (2) relatedly, plaintiff's prior treating sources ultimately
2   found plaintiff able to perform at least sedentary work or a narrow range of light work
3   (see AR 21; see also AR 433, 561).  The Court finds that this constituted a clear and
4   convincing reason for not crediting plaintiff's subjective symptom testimony.  See
5   Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001) (ALJ properly rejected pain
6   testimony where treating physician released claimant for return to light duty work);
7   Crane v. Shalala, 76 F.3d 251, 253-54 (9th Cir. 1996) (treating physician's opinion
8   that claimant was fully employable may alone constitute substantial evidence);
9   Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (same where no physician who
10  examined claimant expressed the opinion that he was totally disabled); Curry v.
11  Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (treating physician's opinion that "I do
12  not feel that the patient is totally permanently disabled" was entitled to substantial
13  weight).

14         Second, the ALJ noted that the Agreed Medical Examiner, Dr. Jackson,
15  pointedly stressed the serious degree of plaintiff's symptom exaggeration.  (See AR
16  21; see also AR 484, 557.)  The Court finds that this also constituted a clear and
17  convincing reason for not crediting plaintiff's subjective symptom testimony.  See
18  Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002) (ALJ properly discredited
19  subjective symptom testimony based on finding that claimant engaged in
20  exaggeration); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (same
21  where claimant had "tendency to exaggerate").

22         Third, the ALJ noted that plaintiff "admitted that her medication reduced her
23  pain, but stressed that it made her dizzy and sleepy and slurred her speech, which she
24  said she had reported to her doctor although the doctor's records did not reflect such
25  complaints or any attempt to adjust her medication to relieve such problems."  (See
26  AR 21.)  However, the Court is unable to find that this third stated reason qualifies
27  as a clear and convincing reason for not crediting plaintiff's subjective symptom
28  testimony because (a) plaintiff testified that her treating physician told her that,

despite her side effects, she should continue taking her medication at the prescribed dosage because her side effects were "normal" (see AR 675-76), and (b) the ALJ implicitly credited plaintiff's testimony about her medication side effects by determining that plaintiff's RFC included a limitation to simple, routine, repetitive work due to side effects of medication (see AR 18).

Fourth, the ALJ noted that plaintiff complained of tinnitus in her right ear, but the treating otolaryngologist found that there were no restrictions and plaintiff had no complaints relative to this problem at the hearing. (See AR 21.) However, the Court is unable to find that this fourth stated reason qualifies as a clear and convincing reason for not crediting plaintiff's subjective symptom testimony because (a) as the ALJ noted, plaintiff had no complaints relative to this problem at the hearing (see AR 681), and (b) plaintiff was not alleging tinnitus as a basis for disability (see AR 38).

Even if the ALJ did err in relying on the third and fourth stated reasons in support of her adverse credibility determination, the Court finds that the error was harmless because the ALJ's two other reasons and ultimately credibility determination were supported by substantial evidence. See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding that ALJ's reliance on two invalid reasons in support of adverse credibility determination was harmless where remaining reasons were adequately supported by substantial evidence).

The Court therefore finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider plaintiff's subjective symptom testimony.

**B.   Reversal is warranted based on the ALJ's determination that plaintiff could perform other work in the national economy (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's determination at step five of the Commissioner's sequential evaluation process that plaintiff could perform other work

in the national economy. (See Jt Stip at 6-19.)

Where, as here, the testimony of a vocational expert ("VE") is used at step five of the sequential evaluation process, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy. See Osenbrock, 240 F.3d at 1162-63; Burkhart v. Bowen, 856 F.2d 1335, 1340 n.3 (9th Cir. 1988); 20 C.F.R. §§ 404.1566(b), 416.966(b). However, the Dictionary of Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job information" and creates a rebuttal presumption as to a job classification. See Johnson v. Shalala, 60 F.3d. 1428, 1434 n.6, 1435 (9th Cir. 1995); see also Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008). Accordingly, an ALJ may rely on VE testimony that contradicts the DOT only insofar as the record contains persuasive evidence to support the deviation. See Johnson, 60 F.3d at 1435; see also Tommasetti, 533 F.3d at 1042; Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

Here, the ALJ determined that plaintiff's physical and mental abilities supported an RFC for sedentary work with the following limitations: alternate sitting and standing in 30 minute intervals for one to three minutes at a time; occasionally kneel, stoop, or crouch (squat); no climbing of ladders, ropes or scaffolds; avoid extreme cold; no hazards such as unprotected heights or dangerous machinery; and only simple, routine, repetitive work due to side effects of medication. (See AR 18.) After taking the testimony of a VE, the ALJ determined that plaintiff could perform other work in the national economy, specifically the jobs of Cashier II, Telephone Solicitor, and Bench Assembler. (See AR 22.) The ALJ stated that the VE's testimony was consistent with information contained in the DOT. (See id.)

Plaintiff claims that none of the three jobs identified by the ALJ can be performed by a person with her limitations for two reasons. First, with respect to the jobs of Cashier II and Telephone Solicitor, plaintiff contends that VE's testimony

contradicted the DOT because those jobs require Reasoning Level 3,[2] which exceeds her limitation to simple, routine, repetitive work. (See Jt Stip at 7-9.) As to this contention, the Court notes that there is a split among some Circuit courts over the issue of whether a job requirement of Reasoning Level 3 conflicts with a limitation to simple, repetitive tasks. Compare Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding apparent conflict between job requiring Reasoning Level 3 and claimant's limitation to simple and routine work tasks); with Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009) (finding no conflict between job requiring reasoning level of three and claimant's limitation to simple work), and Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (finding no apparent conflict between job requiring reasoning level three and claimant's inability to do complex technical work). Although the Ninth Circuit has not yet addressed the issue, the weight of authority in this Circuit appears to be consistent with Hackett rather than Terry and Renfrow. See, e.g., Espinoza v. Astrue, 2013 WL 327889, at *3 (C.D. Cal. Jan. 29, 2013); Adams v. Astrue, 2011 WL 1833015, at *4 and n.4 (N.D. Cal. May 13, 2011) (listing several courts in Ninth Circuit that have held there is an apparent conflict when an ALJ determines that a person limited to simple, repetitive tasks can perform a job with Reasoning Level 3); Grimes v. Astrue, 2011 WL 164537, at *4 (C.D. Cal. Jan. 18, 2011); Torrez v. Astrue, 2010 WL 2555847, at *8-*9 (E.D. Cal. June 21, 2010). Accordingly, the Court concurs with plaintiff that there was an apparent conflict between the VE's testimony that a person with plaintiff's limitations could perform the jobs of Cashier II and Telephone Solicitor and the DOT's requirement of Reasoning Level 3. Moreover, the record does not contain any evidence, much less

---

[2]   According to the DOT, Reasoning Level 3 requires the ability to apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations. See, e.g., DOT Nos. 211.462-010 (Cashier II), 299.357-014 (Telephone Solicitor).

persuasive evidence, to support the deviation.  See Johnson, 60 F.3d at 1435.

Second, with respect to the job of Bench Assembler (DOT No. 706.684-022), plaintiff contends that the VE never testified that this job could be performed by a person who needed to alternate sitting and standing in 30 minute intervals for one to three minutes.  (See Jt Stip at 9-13.)  The Court concurs.  The relevant hypothetical question to the VE posited a limitation that required alternating between sitting and standing in *hourly* intervals.[3]  (See AR 698.)  In fact, the VE commented that a limitation that required alternating at 30 minute intervals for one to five minutes would have "caused a problem" for the Bench Assembler job.  (See AR 699.)

The Court therefore finds and concludes that reversal is warranted because substantial evidence does not support the ALJ's step five determination that plaintiff could perform other work in the national economy.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court.  See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Remand is warranted where additional administrative proceedings could remedy defects in the decision.  See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635.  Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily

---

[3]   The relevant hypothetical question (which the ALJ referred to as "hypothetical three") incorporated the limitations of the immediately preceding hypothetical question, which posited a limitation that required alternating between sitting and standing in hourly intervals.  (See AR 696.)

delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision.

Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

DATED:  February 11, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.